VICENTE AMADOR PÉREZ, Plaintiff and Appellant, v. ROSA NAVARRO PEÑA, Defendant and Appellee.

No. 6369.    Argued April 3, 1934.—Decided April 18, 1934.

*José Iglesias* for appellant.    *P. G. Quiñones* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

This is an action for divorce brought by Vicente Amador Pérez against his wife Rosa Navarro Peña, on the grounds of cruelty and grave injury. In the complaint it is alleged that Mrs. Navarro refuses to maintain marital relations with her husband and that she has also refused to take care of his clothing and to prepare his meals. It is added that the defendant quarreled constantly with the plaintiff each time he came home in search of repose which he found it impossible to obtain, the plaintiff being obliged to leave his home in quest of rest and quiet elsewhere; that the defendant insulted the plaintiff loudly and publicly, making use of vexatious and injurious words; that she also insulted the

mother of the plaintiff, calling her an old witch, as well as his sisters, applying to them the hardest of epithets; that all of this was done without provocation of any sort on the part of the plaintiff and with the express intention of molesting and vexing him, and of exposing him to the contempt of his daughter, Blanca Rosa, and to the jibes of the public. It is also alleged that the defendant, in open rebellion against the wishes of her husband, employed, and retained in employment in her house, a man whom the plaintiff had discharged.

The defendant denies generally all of the allegations of the complaint.

The lower court weighed the evidence and rendered judgment against the plaintiff, without special imposition of costs. The appellant maintains that the lower court committed manifest error in weighing the evidence, and that it acted with passion and prejudice.

We have thoroughly studied all of the evidence presented, consisting of testimony, and the record does not show that the lower court has committed manifest error or that its judgment was influenced by partiality or passion.

The plaintiff and his witnesses stated certain facts which support the allegations of the complaint, and which, if true, would establish a cause of action in favor of the plaintiff. The evidence of the defendant controverted those facts and tended to show that there had been no cruelty nor grave injury, and that both spouses have lived a relatively tranquil and happy life. There arose, therefore, a conflict in the evidence which the court *a quo* resolved against the plaintiff. In our consideration of that evidence we have given special attention to the testimony of the parties actually interested in this controversy. It is not an easy task, in cases of this character, to arrive at conclusions with the certainty of truth, even though a deep and conscientious study be made of the evidence. The mission of the judge is to render a judgment in accordance with the dictates of his own conscience, and we think that here such mission has been properly fulfilled.

In the testimony of the plaintiff there is observed a manifest aggressiveness against his wife, to whom he attributes an irascible temper and a cruel and pitiless conduct. Mrs. Navarro does not give this impression. Her testimony is characterized by a spirit of serenity and moderation. The contrast between the testimony of the two is striking and does not favor the husband who considers himself wronged. The defendant denies the acts charged against her and says that she never refused to maintain marital relations with her husband, in spite of the fact that she feels ill; that she took care of her husband; that she has never spied on his movements; that she has never called the mother of her husband a witch, because she is the grandmother of her children who are being educated in a Catholic school, and in addition because that is not her vocabulary. She says that her husband has been a good husband; that he supplied all of her needs in accordance with the salary that he earned, and that he acted in the same manner towards his children; that her husband was a good father, and she says that he was a good father, because at present he only gives $10 a month to one of his daughters; that he gives nothing to the defendant, who has had to sell everything she had in order to support herself. María Teresa Amador, one of the daughters born of this marriage, who is now married, corroborates the testimony of her mother. The lower court in weighing the evidence stated, in part, as follows:

"But the evidence of the defendant is so convincing that we must discard all doubt that might arise in our mind as to its credibility. We heard the defendant testify. She did not impress us as being a person of harsh, bitter, violent, or aggressive character; rather did she impress us as being a woman devoted to the care of her children and her husband, and willing to sacrifice her own tranquility for the well-being of her husband and her family. The testimony of the married daughter to the effect that during her single life she had the highest example of domestic peace, of morality, of true spiritual quiet in her home, her father being a model father, and her mother a good and affectionate woman, has weighed heavily in

our mind . . . The act referred to in the complaint as constituting the wife's open disobedience of the orders of her husband, through the employment of the servant in the house, was clearly explained by the evidence of the defendant. We have paid particular attention to the testimony of Francisco Amador, brother of the plaintiff, and it is precisely that testimony which has made us doubt that the defendant has an irascible and temperamental character. Judging from the evidence, we are unable to hold that the facts alleged to constitute cruelty and grave injury have been established by the proof."

The judgment appealed from must be affirmed.